**Mohammad Homayon SAKHI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 9, 2003.

---

Before: THOMPSON, HAWKINS, and BERZON, Circuit Judges.

MEMORANDUM *

■ Petitioner Mohammad Homayon Sakhi ("Sakhi") seeks review of his final order of removal. The government asserts that this court lacks jurisdiction to review his petition because Sakhi's conviction for second degree arson constitutes an "aggravated felony." 8 U.S.C. § 1101(a)(43)(F). Assuming, as petitioner's counsel conceded at oral argument, that second degree arson is a "crime of violence" involving the use of force against

persons or their property, 18 U.S.C. § 16, we believe the record is ambiguous with respect to whether or not Sakhi received a sentence of more than one year. Sakhi was initially sentenced to 9 months in jail on the arson charge, and also, on the same day and as part of the same case, received a 12–month suspended sentence on a misdemeanor harassment charge. The court later issued an Order Modifying Sentence which ordered him to serve an additional 105 days; it is not clear, however, whether this modification was related to the arson or the harassment charge.

■ Reaching Sakhi's claims on the merits, we conclude that Sakhi cannot prevail. As Sakhi conceded below, even if not an aggravated felony, his arson constitutes a crime of moral turpitude that renders him deportable. 8 U.S.C. § 1227(a)(2)(A)(i). Substantial evidence supports the IJ's conclusion that Sakhi has not demonstrated his eligibility for asylum, withholding of removal or relief under the Convention Against Torture.[1] Although past persecution may create a presumption of future persecution, in this case, the past persecution Sakhi claims to have endured was at the hands of agents of the Soviet Union, which no longer controls Afghanistan. *See* 8 C.F.R. § 208.13; *Singh v. Ilchert,* 69 F.3d 375, 379 (9th Cir.1995).

■ Substantial evidence also supports the IJ's conclusion that Sakhi's claim of conversion to Christianity is not credible. Although it appears the IJ incorrectly believed Sakhi presented inconsistent dates for his conversion to the Christian faith, the IJ correctly emphasized that when questioned about his belief, Sakhi was not able to articulate even the simplest expla-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA in this case adopted the reasoning of the IJ and therefore we review the IJ's decision. *Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995).

nation of the religion or credible explanation as to why he converted from Islam.

Sakhi cannot demonstrate a well-founded fear of persecution, and necessarily cannot meet the higher "clear probability of persecution" that withholding of removal requires. *Alvarez–Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir.2003). Nor can Sakhi demonstrate a clear probability that he would be tortured if returned to Afghanistan in order to succeed on his Convention Against Torture claim. 8 C.F.R. § 208.16(c).

PETITION DENIED.